IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RUSSELL L. FOUT,

      Plaintiff,

v.                                                  Civil Action No. 5:10CV132
                                                                    (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

In June of 1990, after filing an application with the Social Security Administration ("SSA"), the plaintiff, Russell L. Fout, was granted Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  On September 19, 2005, the SSA mailed the plaintiff a notice of revised decision informing him that his disability had ended and that he had been overpaid during certain periods of time.  The plaintiff disputed the SSA's decision and requested a hearing before an Administrative Law Judge ("ALJ").  Proceeding pro se[1], the plaintiff participated in a hearing on November 8, 2006, after which the ALJ issued an unfavorable decision to the plaintiff.  Specifically, the ALJ found that the

---

[1]"Pro se" describes a person who represents himself in a court proceedings without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).  In pro se cases, ALJs have "a duty to assume a more active role in helping claimants develop the record."  Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980).

plaintiff had been overpaid DIB, that the plaintiff was at fault in causing the overpayment, and that waiver of recovery of the $66,475.60 that had been overpaid could not be granted. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final. The plaintiff then filed a complaint in this Court to obtain judicial review of the final decision of the defendant, Michael J. Astrue, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g).

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. Subsequently, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections, to which the defendant replied.

## II.   Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

In his motion for summary judgment, the plaintiff argues that his liability for the overpayment of $66,000.00[2] should be reduced to zero.  In support of this contention, the plaintiff states that he complied with all Social Security rules, but that he was erroneously informed by an ALJ that his eligibility for DIB was determined based upon his gross income, not his net income.  The defendant argues, however, that the ALJ properly determined that the plaintiff was not entitled to a waiver of recovery of the $66,475.60 overpayment.

After first reviewing the findings of the ALJ, Magistrate Judge Joel's report and recommendation goes on to discuss the recovery of overpayments from beneficiaries of Social Security who are not without fault in causing the overpayment.  See 42 U.S.C. §

---

[2]In his motion for summary judgment, the plaintiff misstates the amount of the overpayment found by the ALJ.

3

404(a)-(b).  The magistrate judge found that substantial evidence exists to support the ALJ's decision that the plaintiff did not rely on erroneous information from the SSA in continuing to accept his benefit checks and that he was at fault in causing and accepting the overpayments.  The magistrate judge highlights the fact that the plaintiff is a highly intelligent person whose business requires him to assist clients with complex accounting matters.  This evidence, according to the magistrate judge, supports the ALJ's finding that the plaintiff knew or should have been expected to know that he was accepting incorrect payments.

In his objections, the plaintiff contends that he is not at fault in receiving Social Security benefits from April 1997 until 2005.  The plaintiff states: (1) he did not provide incorrect data to the SSA; (2) he always provided copies of his tax returns to the SSA so that they could determine his eligibility for further assistance; and (3) he did not know and should not have been expected to know that the payments he was receiving were incorrect.  The plaintiff also argues that certain statements in the report and recommendation are incorrect.  Specifically, the plaintiff notes: (1) his second hearing with an ALJ on May 4, 2010 was in Cumberland, Maryland, not Winchester, Virginia; (2) he has had only two hydraulic van lifts, each costing around $5,000.00 each; (3) he has always written off his secretarial labor on Schedule C of his tax forms; (3) any error in his receipt of Social Security benefits

4

is the fault of the SSA; and (5) he disagrees with the alleged overpayment amount of $66,475.60.

In his reply to the plaintiff's objections, the defendant argues that the issues raised by the plaintiff have already been fully considered by the magistrate judge and that the magistrate judge properly determined that substantial evidence supports the ALJ's finding that the plaintiff was at fault in causing the overpayment.  Responding to the plaintiff's objections, the defendant asserts that the plaintiff's characterization of Magistrate Judge Kaull's December 16, 2008 opinion is incorrect. In his objections, the plaintiff claims that Magistrate Judge Kaull found that he was not at fault in receiving payments.  However, as the December 16, 2008 opinion explains, Magistrate Judge Kaull actually found that the ALJ did not properly consider the plaintiff's claim that he was without fault in causing the overpayment and did not explain why the plaintiff's defense was inapplicable to a finding of fault.  (Administrative R. 301-02.)

Next, the defendant counters the plaintiff's objections by arguing that Magistrate Judge Joel's report and recommendation is, in fact, consistent with the record.  With regard to the plaintiff's objection concerning the location of his second hearing with an ALJ, the record shows that the plaintiff's November 8, 2006 hearing was held in Cumberland, Maryland (Administrative R. 231) and that his May 4, 2010 hearing was held in Winchester, Virginia.

(Administrative R. 364.)   The defendant also correctly notes that at the second hearing, the plaintiff testified that he has to "replace the [van] lift every couple years . . . and the lift is two hundred and fifty dollars." (Administrative R. 377.)   Turning to the plaintiff's objection regarding his secretarial labor costs, the defendant argues, and the record shows, that the plaintiff did not include secretarial labor costs as business expenses on Schedule C in the years 1996 or 1998-2005.  (Administrative R. 83; 95; 110; 121; 135; 149; 162; 212.)

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was at fault in causing the overpayment is supported by

substantial evidence.  In his objections, the plaintiff argues that it is the SSA that is to blame for any overpayment of benefits. However, as the magistrate judge explains, the regulations interpreting fault state that "[a]though the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault." 20 C.F.R. § 404.507.  Accordingly, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## IV.  Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 14) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 13) is DENIED, and the decision of the Commissioner is AFFIRMED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.  The parties may appeal from the judgment entered pursuant to this memorandum opinion and order by filing a written notice of appeal with the Clerk of this Court within sixty (60) days from the date of entry of judgment.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 7, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE